# BARASCH MCGARRY SALZMAN & PENSON

MICHAEL A. BARASCH
BARRY A. SALZMAN*
DOMINIQUE A. PENSON
BRUCE K. KAYE
SARA DIRECTOR
DANA COHEN
LEE LONDON

*Also Admitted in Connecticut

ATTORNEYS AT LAW
11 PARK PLACE, 18TH FLOOR
NEW YORK, NEW YORK 10007
(212) 385-8000
(800) 562-9190
Fax No. (212) 385-7845
www.baraschmcgarry.com
www.911victims.org

MARIYA ATANASOVA
JENNIFER JIMENEZ
JAMES STEINER
REBECCA FORMAN
TRAVIS CARTER
TREVOR TAYLOR
DESTINEE SALOMON
MICHAEL GORMAN
ANGELA NEVARD
DANIEL LEE
ADAM WYNN
ANDREA VELASQUEZ
AMANDA SKRELJA
SABA MEKBEB
DELARAM YOUSEFI
DENNIS BROWER
HENRY B. HANDLER**
** Of Counsel - Admitted in FL


May 1, 2023

**(VIA ECF)**

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse, 40 Foley Square
New York, NY 10007

**Re:** ***In re Terrorist Attacks on September 11, 2001*, 03-MD-1570 (GBD)(SN)**
***Ahearn v. Islamic Republic of Iran*, 20-cv-0355 (GBD)(SN)**
***Alcabes v. Islamic Republic of Iran*, 20-cv-0340 (GBD)(SN)**
***Amin v. Islamic Republic of Iran*, 20-cv-0412 (GBD)(SN)**
***Anderson v. Islamic Republic of Iran*, 20-cv-0354 (GBD)(SN)**
***Asciutto v. Islamic Republic of Iran*, 20-cv-0411 (GBD)(SN)**
***Basci v. Islamic Republic of Iran*, 20-cv-0415 (GBD)(SN)**
***Mandelkow v. Islamic Republic of Iran*, 20-cv-0315 (GBD)(SN)**

Dear Magistrate Judge Netburn:

We write in response to the Court's March 3, 2023 Report & Recommendation (the "Report") regarding the recommended damages awards for the estates of victims the Court has identified as Latent Injury Decedents. Report and Recommendation, ECF No. 8901.[1] The Court recommended judgments and awards for the Latent Injury Decedents, but for five estates the judgments and awards were "contingent on plaintiffs' filing supplemental evidence." *Id.* The exhibits attached hereto, as described below, demonstrate that all five estates are entitled to judgments and awards for their claims because the VCF determined that they suffered injuries as a result of the September 11, 2001 terrorist attacks ("the September 11 Attacks"). Four of the decedents died as a result of

[1] All references to the docket refer to the MDL docket, 03-MD-1570 (GBD)(SN).

the conditions caused by the September 11 Attacks; the fifth suffered as a result of the conditions caused by the Attacks, but ultimately succumbed to additional causes.

## I. The Estates of Marion Claire Jones, Mary Elizabeth Reynolds, Freddie Wallace-Rakis, and Paul Murphy are Entitled to Awards and Judgments for the Death of the Decedents.

### A. The VCF Determined that the Medical Conditions that Caused the Death of Marion Claire Jones, Mary Elizabeth Reynolds, and Freddie Wallace-Rakis Were Caused by the September 11 Attacks.

For the estates of Marion Claire Jones, Mary Elizabeth Reynolds, and Freddie Wallace-Rakis, the Report identified that the VCF letters concerning these estates "attributed decedents' medical conditions to their personal representatives" and recommended judgments and awards contingent upon Plaintiffs providing supplemental evidence to "(1) confirm[] and the explain the VCF error; or (2) otherwise[] establish that a physician determined that the decedent's medical condition was caused by 9/11." Report at 26.

The previously submitted VCF letters for each of these estates were addressed to the personal representative of the estate, and incorrectly described the conditions as ones for which the personal representative had been found eligible. *See* ECF No. 8352-4, at 18 (VCF Eligibility Letter for Marion Claire Jones); ECF No. 8348-4, at 66 (VCF Eligibility Letter for Mary Elizabeth Reynolds); ECF No. 8356-4, at 66 (VCF Eligibility Letter for Freddie Wallace-Rakis). For each of these estates, it appears that the VCF failed to adjust the language of the letter to address the representative of the decedent instead of addressing the decedent. *Compare, e.g.*, ECF No. 8352-4, at 12 (stating that the "*decedent* has been found eligible for the following injuries") (emphasis added) *with id.* at 18 (stating "*you* have been found eligible for the following injuries") (emphasis added). Each letter, however, identified the conditions suffered by the decedent, as confirmed in the previously submitted testimony of the Personal Representatives, and as further confirmed by Exhibits A-C hereto, which include additional materials from the VCF and medical records of the decedents.[2]

As demonstrated more fully in the exhibits hereto, the VCF found that Marion Claire Jones, Mary Elizabeth Reynolds, and Freddie Wallace-Rakis died from the conditions for which they were found to have an eligible claim. Where a decedent suffered from an eligible condition caused by the September 11 Attacks, but did not die as a result of that condition, the VCF calculates compensation only for a personal injury claim based on losses up to the date of death. Where the eligible condition causes the decedent's death, however, the VCF calculates compensation for both a personal injury claim based on losses up to the date of death, and for a deceased claim based on losses from the date of death. The VCF awarded compensation for a deceased claim for each of these estates.

---

[2] Plaintiffs have redacted certain personally identifying information from the exhibits attached hereto.

**1. Estate of Marion Claire Jones**

Shawna Jones is the Personal Representative of the estate of Marion Claire Jones. *See* Exhibit A, at 2 (VCF Personal Representative Acknowledgment Letter for Marion Claire Jones) ("The Special Master has determined that [Shawna Jones has] been appointed as the Personal Representative for the claim filed on behalf of Marion Jones.").[3] As the Personal Representative, Shawna Jones was responsible for submitting the materials necessary for the VCF to process the claim for the estate of Marion Claire Jones. Shawna Jones properly did so and on June 30, 2016, the VCF found the claim to meet the eligibility criteria established in the statute and regulations. ECF No. 8352-4, at 18 (VCF Eligibility Letter for Marion Claire Jones). The letter issued by the VCF was addressed to Shawna Jones as the Personal Representative, and incorrectly stated that she, rather than the decedent she represented, had been eligible for a claim for asthma and lung cancer (metastases). *Id.*

Other materials from the VCF make clear that these conditions are actually the conditions from which Marion Claire Jones suffered and for which she had an eligible claim. The Award Detail for the VCF claim lists the decedent name as "Marion Jones" and the eligible conditions considered in the award to be "Asthma" and "Lung Cancer (with metastases)." Exhibit A, at 5-7 (VCF Award Detail for Marion Claire Jones). These are the same conditions as in the VCF letter from June 30, 2016, and relate to the same VCF claim number referenced in that letter. Moreover, the VCF awarded compensation for a "Deceased Claim" based on "Losses from Date of Death," demonstrating that the VCF determined that Marion Claire Jones died as a result of the conditions for which she had an eligible claim. *Id.* at 6.

The medical records of Marion Claire Jones further confirm that she suffered from these conditions, and that they caused her death. Marion Claire Jones' physician certified that she had been treated for lung cancer before her death. *See* Exhibit A, at 10 (Treating Physician Form for Marion Claire Jones) (listing lung cancer as the condition for which the decedent was previously treated for before her death). Marion Claire Jones died in the hospital on Sept. 23, 2013; the hospital records note her previously diagnosed "metastatic Non Squamous cell Lung Cancer" and asthma, and list her principle diagnosis as "Advanced Lung carcinoma." *See* Exhibit A, at 12, 17 (Discharge Summary).

Plaintiffs previously submitted testimony from Shawna Jones which further confirms that Marion Claire Jones suffered and died from asthma and lung cancer as a result of the September 11 Attacks. *See* ECF No. 8352-6, at 15-16 (Affidavit of Shawna J. Jones, at ¶¶ 8-11). Shawna Jones has never had a claim with the VCF for either of those conditions (or any others); the VCF could not have made any determination of conditions suffered by Shawna Jones, but only those suffered by Marion Claire Jones.

The VCF's letter mistakenly attributing the injuries of the decedent to the Personal Representative is only a typographical or formatting error and does not affect the substance of the VCF's

---

[3] Certain correspondence from the VCF incorrectly spells Shauna Jones' first name as "Shawna." The VCF was later informed of the correct spelling, and the VCF then used the correct spelling in later correspondence. *See* Exhibit A, at 3 (Letter to VCF); *id.*, at 4 (Award Detail Letter for Marion Claire Jones).

determinations. The VCF determined that Marion Claire Jones suffered from conditions caused by the September 11 Attacks, which ultimately caused her death after a prolonged period of suffering. Accordingly, the Estate of Marion Claire Jones is entitled to the judgment and award recommended in the Report.

**2. Estate of Mary Elizabeth Reynolds**

Shannon Reynolds is the Personal Representative of the estate of Mary Elizabeth Reynolds. *See* Exhibit B, at 4 (VCF Personal Representative Acknowledgment Letter for Mary Elizabeth Reynolds) ("The Special Master has determined that [Shannon Reynolds has] been appointed as the Personal Representative for the claim filed on behalf of Mary Reynolds."). As the Personal Representative, Shannon Reynolds was responsible for submitting the materials necessary for the VCF to process the claim for the estate of Mary Elizabeth Reynolds. Shannon Reynolds properly did so and on April 11, 2017, the VCF found the claim to meet the eligibility criteria established in the statute and regulations. ECF No. 8348-4, at 66 (VCF Eligibility Letter for Mary Elizabeth Reynolds). The letter issued by the VCF was addressed to Shannon Reynolds as the Personal Representative, and incorrectly stated that she, rather than the decedent she represented, had been found eligible for a claim for disseminated malignant neoplasm, esophageal reflux, esophagitis, and other malignant neoplasm of unspecified site. *Id.*

Other materials from the VCF make clear that these conditions are actually the conditions from which Mary Elizabeth Reynolds suffered and for which she had an eligible claim. The Award Detail for the VCF claim lists the decedent name as "Mary Reynolds" and the eligible conditions considered in the award included "Disseminated Malignant Neoplasm," "Esophageal Reflux," "Esophagitis," and "Other Malignant Neoplasm of Unspecified Site." Exhibit B, at 9-11 (VCF Award Detail for Mary Elizabeth Reynolds). These same conditions also are in the VCF letter from April 11, 2017, and relate to the same VCF claim number referenced in that letter. Moreover, the VCF awarded compensation for a "Deceased Claim" based on "Losses from Date of Death," demonstrating that the VCF determined that Mary Elizabeth Reynolds died as a result of the conditions for which she had an eligible claim. *Id.* at 10.

The medical records of Mary Elizabeth Reynolds further confirm that she suffered from these conditions, and that they caused her death. On September 20, 2014, the World Trade Center Health Program "after reviewing medical information" for Mary Elizabeth Reynolds, certified that the conditions "covered for treatment benefits" were "Disseminated Malignant Neoplasm," "Other Malignant Neoplasm of Unspecified Site," and "Gastroesophageal Reflux Disease." Exhibit B, at 2 (WTC Health Program Letter addressed to Mary Reynolds). Mary Elizabeth Reynolds was admitted to the hospital on October 8, 2014; the hospital records note her "admitting diagnosis" of "[s]mall bowel obstruction, secondary to peritoneal carcinomatosis." Exhibit B, at 12 (Discharge Summary). The hospital records further report that exploratory surgery revealed "multiple implants of tumor in the interior abdominal wall" and that the "obstruction could not be removed." *Id.*, at 13 (Discharge Summary, at 2). Peritoneal carcinomatosis is "a serious condition in which cancer, usually of the digestive tract or female reproductive organs, spreads and causes tumors to grow on the peritoneum. The peritoneum is the tissue that lines the abdominal wall and covers most of the organs in the abdomen." *See* National Cancer Institute, NCI Dictionary of Cancer Terms, Peritoneal Carcinomatosis, https://www.cancer.gov/publications/dictionaries/cancer-

terms/def/peritoneal-carcinomatosis. Mary Elizabeth Reynolds died in the hospital on October 22, 2014. Exhibit B, at 12-13 (Discharge Summary).

Plaintiffs previously submitted testimony from Shannon Reynolds which further confirms that Mary Elizabeth Reynolds suffered and died from ovarian cancer, which spread to her colon and other organs, as a result of the September 11 Attacks. *See* ECF No. 8348-12, at 4-5 (Affidavit of Shannon Jones, at ¶¶ 7-10). Shannon Reynolds has never had a claim with the VCF for either of those conditions (or any others); the VCF could not have made any determination of conditions suffered by Shannon Reynolds, but only those suffered by Mary Elizabeth Reynolds.

The VCF's letter mistakenly attributing the injuries of the decedent to the Personal Representative is only a typographical or formatting error and does not affect the substance of the VCF's determinations. The VCF determined that Mary Elizabeth Reynolds suffered from conditions caused by the September 11 Attacks, which ultimately caused her death after a prolonged period of suffering. Accordingly, the Estate of Mary Elizabeth Reynolds is entitled to the judgment and award recommended in the Report.

**3. Estate of Freddie Wallace-Rakis**

John Rakis is the Personal Representative for the estate of Freddie Wallace-Rakis. *See* Exhibit C, at 2 (VCF Personal Representative Acknowledgment Letter for Freddie Wallace-Rakis) ("The Special Master has determined that [John Rakis has] been appointed as the Personal Representative for the claim filed on behalf of Freddie Wallace-Rakis."). As the Personal Representative, John Rakis was responsible for submitting the materials necessary for the VCF to process the claim for the estate of Freddie Wallace-Rakis. John Rakis properly did so and on March 27, 2017, the VCF found the claim to meet the eligibility criteria established in the statute and regulations. ECF No. 8356-4, at 66 (VCF Eligibility Letter for Freddie Wallace-Rakis). The letter issued by the VCF was addressed to John Rakis as he Personal Representative, and incorrectly stated that he, rather than the decedent he represented, had been found eligible for a claim for acute myelogenous leukemia. *Id*.

Other materials from the VCF make clear that this condition is actually the condition from which Freddie Wallace-Rakis suffered and for which she had an eligible claim. The Award Detail for the VCF Claim lists the decedent name as "Freddie Wallace-Rakis" and the eligible conditions considered in the award to be "Acute Myelogenous Leukemia." Exhibit C, at 5-7 (VCF Award Detail for Freddie Wallace-Rakis). This is the same condition as in the VCF letter March 27, 2017, and relate to the same VCF claim number referenced in that letter. Moreover, the VCF awarded compensation for a "Deceased Claim" based on "Losses from Date of Death," demonstrating that the VCF determined that Freddie Wallace-Rakis died as a result of the condition for which she had an eligible claim. *Id.* at 6.

The medical records of Freddie Wallace-Rakis further confirm that she suffered from this condition, and that it caused her death. Freddie Wallace-Rakis' physician certified that further she had been treated for "Acute Leukemia," which was first diagnosed on December 31, 2012. Exhibit C, at 8 (Treating Physician Information Form). Pathology tests results from December 31, 2012 show the diagnosis of "acute myelogenous leukemia." Exhibit C, at 11 (Pathology Test Results

Data). Freddie Wallace-Rakis' death certificate lists "Acute Leukemia" as her cause of death. Exh. C, at 12 (Certificate of Death).

Plaintiffs previously submitted testimony from John Rakis which further confirms that Freddie Wallace-Rakis suffered and died from leukemia as a result of the September 11 Attacks. *See* ECF No. 8356-13, at 9-10 (Affidavit of John Rakis, at ¶¶ 8-10). John Rakis has never had a claim with the VCF for either of those conditions (or any others); the VCF could not have made any determination of conditions suffered by John Rakis, but only those suffered by Freddie Wallace-Rakis.

The VCF's letter mistakenly attributing the injuries of the decedent to the Personal Representative is only a typographical or formatting error and does not affect the substance of the VCF's determinations. The VCF determined that Freddie Wallace-Rakis suffered from a condition caused by the September 11 Attacks, which ultimately caused her death after a prolonged period of suffering. Accordingly, the Estate of Freddie Wallace-Rakis is entitled to the judgment and award recommended in the Report.

**B. The VCF Determined that the Medical Condition that Caused the Death of Paul Murphy Was Caused by the September 11 Attacks.**

For the estate of Paul Murphy, the Court found "discrepancies that prevent it from concluding that one or more of the conditions listed on the VCF letters caused the [decedent's] death. Report at 26. The Court recommended a judgment and award for the estate of Paul Murphy, contingent upon Plaintiffs filing supplemental evidence that connects a "9/11-linked medical condition to the [decedent's] cause of death." *Id*. Plaintiffs provide the following supplemental evidence, attached hereto as Exhibit D, in support of the judgment and award for the estate of Paul Murphy.

In her previously submitted affidavit, Carol Murphy, wife of Paul Murphy, attests that Paul Murphy "passed away from cancers of the colon and appendix on January 4, 2018." ECF No. 8367-13, at 27 (Affidavit of Carol Murphy, at ¶ 4). Specifically, Paul Murphy was diagnosed with "pseudomyxoma peritonei, a rare form of colon cancer with no cure." *Id*. at 28; *see also* Genetic and Rare Diseases Information Center, Pseudomyxoma peritonei, https://rarediseases.info.nih.gov/diseases/7488/pseudomyxoma-peritonei ("Pseudomyxoma peritonei (PMP) is a rare disease characterized by the presence of mucin in the abdominal (peritoneal) cavity. While the most common cause of PMP is appendix cancer, several types of tumors (including non-cancerous tumors) can cause PMP."). Plaintiffs previously submitted the August 31, 2016 VCF letter finding Paul Murphy's initial claim eligible for the following injuries: "anaplastic large cell lymphoma," "basal cell carcinoma skin of other part of trunk," "gastro-esoph reflux disease without esophagitis," and "mycosis fungoides unspecified site." ECF No. 8367-4, at 30 (VCF Eligibility letter for Paul Murphy).

Additional VCF records confirm that the VCF determined that Paul Murphy's claim also was eligible for "malignant neoplasm of appendix and related physical conditions: sec malig neoplasm retroperitoneum[]; peritoneum." Exhibit D, at 2 (VCF Eligibility Letter for Paul Murphy dated Feb. 7, 2019). Similarly, the Award Detail from the VCF lists those injuries as the eligible conditions considered in the award. Exhibit D, at 9 (VCF Award Detail). The VCF records also confirm that the VCF determined that he died from this condition. As noted above, the VCF only

awards compensation for a deceased claim based on losses after the date of death if the VCF determines that the decedent died as a result of a condition eligible for compensation. The VCF award for Paul Murphy included compensation for a "Deceased Claim" based on "Losses from Date of Death," demonstrating that the VCF determined that Paul Murphy died as a result of the conditions for which he had an eligible claim. *Id.*, at 8.

The medical records of Paul Murphy further confirm that he suffered pseudomyxoma peritonei, and that it caused his death. Inpatient records confirm the diagnosis. *See* Exh. D, at 10-11, 13-15 (Inpatient Record). The death certificate for Paul Murphy lists his immediate cause of death to have been "Pseudomyxoma Peritoneal." Exh. D, at 17 (Certificate of Death, at 2).

The VCF determined that Paul Murphy suffered from a condition caused by the September 11 Attacks, which ultimately caused his death after a prolonged period of suffering. Accordingly, the Estate of Paul Murphy is entitled to the judgment and award recommended in the Report.

## II. The Estate of Victor Casaletto is Entitled to Damages for His Personal Injuries Caused by the September 11 Attacks.

For the estate of Victor Casaletto, the Court found "discrepancies that prevent it from concluding that one or more of the conditions listed on the VCF letters caused the [decedent's] death. Report at 26. Upon further review, the Court correctly observed that the conditions for which the VCF found Victor Casaletto eligible for compensation do not match the evidence regarding his ultimate cause of death. However, the evidence does show that Victor Casaletto suffered from injuries and illness that the VCF determined were caused by the terrorists responsible for the September 11 Attacks.

Victor Casaletto passed away on September 14, 2017 "from respiratory failure and end stage kidney disease." ECF No. 8360-13, at 19 (Affidavit of Angelina Casaletto, at ¶ 4). Victor's wife, Angelina Casaletto, testified to her belief that his cause of death was related to the September 11 Attacks. The VCF did not make this same determination. The VCF did, however, find that Victor Casaletto had an eligible claim for "malignant neoplasm – skin," ECF No. 8360-4, at 45 (VCF Eligibility Letter for Victor Casaletto), and Victor's wife likewise confirmed that he suffered from "skin cancers, all these growths everywhere. It was awful." ECF No. 8360-13, at 20 (Affidavit of Angelina Casaletto, at ¶ 9).

While the illnesses that Angelina Casaletto testified were the ultimate cause of Victor Casaletto's death are not those for which the VCF found him to have an eligible claim, Victor Casaletto is entitled to a judgment and award for the pain and suffering he endured from the conditions for which he was found eligible.

Section 1605A of the FSIA creates an exception to sovereign immunity and allows a foreign state to be held accountable for acts of terrorism or the provision of material support or resources for acts of terrorism where the acts or provision of support or resources were engaged in by an official, employee, or agent of the foreign state while acting within the scope of his or her office, employment, or agency. 28 U.S.C. § 1605A(a)(1). The statute specifies that damages are available "for personal injury or death." *Id.* For purposes of the FSIA, it is not necessary that a victim die as a result of the act of terrorism for which they are seeking damages.

Indeed, courts (including this Court) routinely enter judgments and award damages in favor of victims who were injured, but not killed, in state-sponsored terrorist attacks. In the present litigation, the Court previously entered judgments for Plaintiffs with personal injury claims for pain and suffering sustained by Plaintiffs who were injured but not killed in connection with the September 11 Attacks. The Court has adopted a framework award damages to such Plaintiffs. *See, e.g.*, Memorandum Decision and Order dated Feb. 14, 2020, at 3, ECF No. 5946 (adopting Report and Recommendation dated Feb. 7, 2020, ECF No. 5879); *see also, e.g.,* Report and Recommendation dated February 7, 2020, ECF No. 5888 (recommending damages awards for 21 personal injury plaintiffs); Report and Recommendation dated Feb. 7, 2020, ECF No. 5879 (recommending damages awards for 24 personal injury plaintiffs).

Victor Casaletto was working on the roof of the New York Stock Exchange on September 11, 2001. *See* ECF No. 8360-13, at 20 (Affidavit of Angelina Casaletto, at ¶ 8). For the five days following the September 11 Attack, Victor Casaletto worked around the clock to prepare the New York Stock Exchange to reopen. *Id*. In doing so, he was exposed to the toxins in the air that resulted from the attack. The VCF determined that his exposure resulted in skin cancer; as a result of that skin cancer, he suffered from numerous growths all over his body. The Court previously has awarded damages for injuries suffered in connection with exposure to toxic substances. *See e.g.* Report and Recommendation dated February 7, 2020, ECF No. 5888, at 14 (recommending a damages award for Barbara M. Williams who "was diagnosed with asthma, chronic rhinitis, and esophageal reflux due to exposure to toxic substances from the soot and the debris").

Victor Casaletto's claim to a damages award is no different than any other personal injury plaintiff who suffered an injury as a result of the September 11, 2001 terrorist attacks. Based upon the foregoing, Victor Casaletto, through his estate, is entitled to a judgment and damages for the personal injuries he suffered, just as many other injured victims have received. Consistent with the framework adopted by this Court and this Court's awards to other such victims, the Estate of Victor Casaletto is entitled to an award of $5 million. *See, e.g., id.* (awarding damages of $5 million to victims with "significant" injuries).

## III. Conclusion

Plaintiffs believe that the foregoing supplemental evidence addresses the Court's request as set forth in the Report. If the Court would benefit from any different or additional evidence, Plaintiffs are prepared to address any such necessary clarification.

Respectfully submitted,

*/s/ Barry Salzman*

Barry Salzman

cc: All counsel via ECF